## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL A. OIEN,<br><br>     Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT and STANLEY ACCESS TECHNOLOGIES, LLC,<br><br>     Defendants. | Case No.:  _____<br><br><br>**DEFENDANT HOME DEPOT USA INC. d/b/a THE HOME DEPOT'S NOTICE OF REMOVAL**<br><br><br>**(CO-DEFENDANT CONSENTS)** |

Defendant Home Depot U.S.A., Inc. d/b/a The Home Depot ("Home Depot"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this notice of removal, and hereby removes this action from the District Court of Ramsey County, Minnesota to the United States District Court for the District of Minnesota.  As explained below, this Court has jurisdiction under 28 U.S.C. § 1332 and 1441 et. seq.  Complete diversity of citizenship exists between Plaintiff and Defendants and it is evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I.  The State Court Action

Plaintiff Michael A. Oien commenced a civil action captioned *Michael A. Oienv. The Home Depot U.S.A., Inc. d/b/a The Home Depot and Stanley Access Technologies, LLC*, in the District Court of Ramsey County, Minnesota by a Complaint dated August 14, 2020 (the "State Court Action").  Plaintiff served Home Depot through its registered agent on August 19, 2020.  A copy of Plaintiff's Summons and Complaint are attached to

this Notice and constitute all process, pleadings, and orders served or filed in the State Court Action. Consequently, Home Depot is filing this Notice of Removal within 30 days of the first date on which it received a copy of the Complaint. Thus, this Notice of Removal is timely. 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is also being served upon counsel for Plaintiff, and a copy is being filed with the District Court of Ramsey County.

In the State Court Action, as set forth in the Complaint, Plaintiff claims he sustained personal injuries on or about April 9, 2020 when he was "struck by an automatic door as he attempted to exit the Home Depot located at 2630 White Bear Ave. N., Maplewood, MN 55109." (Plaintiff's Complaint, ¶ 1). Plaintiff claims that both Home Depot and co-defendant Stanley Access Technologies, LLC were negligent. Plaintiff seeks compensation for his injuries and damages.

## II. REMOVAL IN THIS CASE IS PROPER

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 for the reasons set forth below:

a. **Complete diversity exists**: The following statements were true on both the date that Plaintiff served his Complaint (August 19, 2020) and the date that Home Depot filed its notice of removal (September 18, 2020):

1. Upon information and belief, including by information available publicly online, Plaintiff is a citizen of the State of Minnesota.

2. Defendant Home Depot is incorporated in the State of Delaware, with its principal place of business is in the State of Georgia.

3.     Defendant Stanley Access Technologies, LLC is a limited liability company organized in the State of Delaware, with its principal place of business in the State of Connecticut.  The sole member of Stanley Access Technologies, LLC is Stanley Black and Decker, Inc., which is incorporated in the State of Connecticut.  Defendant Stanley Access Technologies, LLC consents to this Removal.

As such, Home Depot is a citizen of Delaware and Georgia, Defendant Stanley Access Technologies, LLC is a citizen of Delaware and Connecticut, and Plaintiff is a citizen of Minnesota.

**b.     The amount in controversy exceeds $75,000.00**.  Based on the content of Plaintiff's Complaint, and Plaintiff's counsel's representations to Defendants' counsel that Plaintiff's damages *exceed* $75,000.00, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

Home Depot satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of damages is not specified in Plaintiff's Complaint. *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (Where the Plaintiff does not allege a specific amount in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00).   In the Eighth Circuit, the amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008).  *See also Hartridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to recover or the sum that

defendant will lose if the complainant wins the suit).  In other words, the amount in controversy is the amount that Plaintiff will seek from a jury in this matter.

Although Home Depot denies liability, Home Depot believes that Plaintiff will seek from a jury an amount greater than $75,000.00.  *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (*quoting In re Reisenberg*, 208 U.S. 90, 107-08 (1908)) ("Jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity").  Plaintiff claims that he suffered injuries as a result of the subject incident, including a rotator cuff tear.  He further claims that he has incurred damages such as past medical expenses, lost wages, pain and suffering, and loss of quality of life.  Such damages are "routinely" considered by courts in determining whether the amount in controversy threshold is met.  *See Raymond v. Lane Constr. Corp.*, 527 F. Supp.2d 156, 163 (D. Maine 2007).

WHEREFORE, Defendant, Home Depot U.S.A., Inc. d/b/a The Home Depot hereby removes the State Court Action to this Honorable Court.

**NILAN JOHNSON LEWIS PA**

Date:  September 17, 2020        /s/*David J. Warden*
                                Christy M. Mennen  Reg. No. 322349
                                David J. Warden     Reg. No. 393474
                                250 Marquette Avenue South, Suite 800
                                Minneapolis, MN  55401
                                Phone:  (612) 305-7500
                                E-mail: cmennen@nilanjohnson.com
                                E-mail: dwarden@nilanjohnson.com

4

**LEDERER WESTON CRAIG PLC**
Benjamin M. Weston (Application for admission forthcoming)
4401 Westown Parkway, Suite 212
West Des Moines, IA  50266
Phone: (515) 224-3911
E-mail: bweston@lwclawyers.com

*ATTORNEYS FOR DEFENDANT*
*HOME DEPOT, U.S.A., INC. d/b/a*
*THE HOME DEPOT*