| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |
| | Case Type: Personal Injury |

Michael A. Oien,

           Plaintiff,

v.

Home Depot U.S.A., Inc., d/b/a The Home Depot, a Delaware Business Corporation, and Stanley Access Technologies, LLC, a Delaware LLC,

           Defendants.

Court File No.:
Judge:

**SUMMONS**

TO:   THE ABOVE-NAMED DEFENDANTS:

    1.   **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

    2.   **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Tewksbury & Kerfeld, P.A., 88 South Tenth Street, Suite 300, Minneapolis, MN 55403.

    3.   **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4.   **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will

not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

TEWKSBURY & KERFELD, P.A.

Dated: August 14, 2020

By: /s Nathaniel J. Weimer
Michael D. Tewksbury (#108832)
Nathaniel J. Weimer (#395728)
Attorney for Plaintiff
88 South 10th Street, Suite 300
Minneapolis, Minnesota 55403
Phone: 612.334.3399
Fax: 612.334.5787
Email: mtewksbury@tkz.com
nweimer@tkz.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |
| | Case Type: Personal Injury |

| | |
|---|---|
| Michael A. Oien, | Court File No.: |
| | Judge: |
| Plaintiff, | |
| v. | |
| Home Depot U.S.A., Inc., d/b/a The Home Depot, a Delaware Business Corporation, and Stanley Access Technologies, LLC, a Delaware LLC, | **COMPLAINT** |
| Defendants. | |

Plaintiff Michael A. Oien, for his Complaint against Defendants The Home Depot ("HD") and Stanley Access Technologies, LLC ("Stanley"), states and alleges as follows:

1. On April 9, 2020, Plaintiff was struck by an automatic door (the "Door") as he attempted to exit the Home Depot located at 2630 White Bear Ave. N., Maplewood, MN 55109 (the "Incident").

2. Upon information and belief, the Home Depot located at 2630 White Bear Ave. N. (the "Property") is owned and operated by Defendant HD.

3. Upon information and belief, the Door was manufactured, sold, installed, and serviced by Stanley.

4. Plaintiff has suffered injuries as a result of the Incident, including the

tearing of his rotator cuff. Plaintiff has incurred medical bills while treating the injuries sustained as a result of the Incident. Plaintiff has also lost wages, and endured pain and suffering and loss of quality of life.

5. As a direct result of the Incident and Defendants' negligence and/or breaches of warranty, Plaintiff has suffered damages in excess of $50,000.00, in an amount to be proven at trial.

### Count 1 – Negligence (The Home Depot)

6. Plaintiff incorporates the above paragraphs by reference.

7. Defendant HD owed Plaintiff a duty of care to use reasonable care for the safety of all entrants upon the Property.

8. Defendant HD owed Plaintiff a duty of care to reasonably inspect and maintain the Door so that it does not close on a customer while entering or exiting the premises.

9. Defendant HD breached these duties of care.

10. Automatic doors ordinarily do not close on guests in the absence of negligence.

11. From the date the Door was manufactured to the date of the Incident, the Door was within the exclusive control of Defendants.

12. The Incident was not due to any voluntary action or contribution by Plaintiff.

13. Defendant HD's negligence caused the Incident.

14. As a direct result of the Incident, Plaintiff suffered damages.

### Count 2 – Strict Product Liability (Stanley)

15. Plaintiff incorporates the above paragraphs by reference.

16. The Door was in a defective condition unreasonably dangerous for its intended use, because it closed on Plaintiff as he was exiting the Home Depot store.

17. The defect existed when the Door left Stanley's control.

18. The defect was the proximate cause of the injuries sustained by Plaintiff.

### Count 3 – Negligence (Stanley)

19. Plaintiff incorporates the previous paragraphs by reference.

20. Defendant Stanley owed Plaintiff certain duties of care, including the duty to warn Plaintiff of the dangerous product, the duty to design its product to avoid an unreasonable risk of harm when the product is used as intended or misused in a reasonably foreseeable manner, and a duty to exercise reasonable care in the design, research, development, manufacture, testing, marketing, distribution, promotion, packaging, and sale of the product.

21. Defendant Stanley breached those duties of care by manufacturing, selling, and servicing the Door which closed on Plaintiff as he was exiting the Home Depot store.

22. Automatic doors ordinarily do not close on guests in the absence of negligence.

23. From the date the Door was manufactured to the date of the Incident, the Door was within the exclusive control of Defendants.

24. The Incident was not due to any voluntary action or contribution by Plaintiff.

25. Defendant Stanley's breach of its duties of care proximately caused Plaintiff's injuries.

### Count 4 – Breach of Express and Implied Warranties (Stanley)

26. Plaintiff incorporates the previous paragraphs by reference.

27.     Stanley warranted or represented that the Product was safe for use.

28.     Stanley breached that warranty.

29.     Stanley owed Plaintiff an implied warranty of merchantability and an implied warranty of fitness for a particular purpose.

30.     Stanley breached these implied warranties.

31.     Stanley's breach of express and implied warranties proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff Michael Oien prays for relief as follows:

1.     An award of damages in an amount in excess of $50,000.00, in an amount to be proven at trial;

2.     An award of pre and post judgment interest, costs, disbursements, and other expenses; and

3.     For such other and further relief as the Court deems just and equitable.


TEWKSBURY & KERFELD, P.A.


Dated: August 14, 2020      By:     /s Nathaniel J. Weimer
                                    Michael D. Tewksbury (#108832)
                                    Nathaniel J. Weimer (#395728)
                                    Attorney for Plaintiff
                                    88 South 10th Street, Suite 300
                                    Minneapolis, Minnesota  55403
                                    Phone: 612.334.3399
                                    Fax: 612.334.5787
                                    Email: mtewksbury@tkz.com
                                           nweimer@tkz.com

## ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. 549.211

The undersigned acknowledges that sanctions may be imposed under Minn. Stat. §549.211.

By: __/s Nathaniel J. Weimer_____
      Nathaniel J. Weimer