UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael A. Oien, | Case No. 0:20-cv-1982 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Home Depot U.S.A., Inc. d/b/a The Home Depot; and Stanley Access Technologies, LLC, | |
| Defendants. | |

This matter is before the Court on Defendants' Motions for Summary Judgment. [ECF Nos. 35, 42]. In his Complaint, Plaintiff Michael Oien alleges that he was struck and injured by an automatic sliding door as he was exiting a Home Depot retail store. Mr. Oien brought this four-count action against Home Depot U.S.A., Inc. ("Home Depot") and Stanley Access Technologies, LLC ("Stanley") in Ramsey County state court, and it was removed to federal court in 2020. [ECF No. 1]. The Complaint alleges: (1) negligence on the part of Home Depot; (2) negligence on the part of Stanley; (3) strict product liability against Stanley; and (4) breach of express and implied warranties against Stanley. [Compl. 2–4, ECF No. 1-1]. Defendants now both move for summary judgment, arguing that there is no genuine dispute of material facts pertaining to the bases of Mr. Oien's claims and that they are entitled to judgment as a matter of law. For the following reasons, the Court grants Defendants' motions.

1

I. **Background**

In April 2020, Mr. Oien was leaving the Home Depot store in Maplewood, Minnesota, after purchasing two flat carts of supplies for a home project. [Oien Aff. 1, ECF No. 48]. A Home Depot employee assisted him by pushing one of the carts out of the store, and Mr. Oien pushed the other. [*Id.*] The employee was pushing his cart ahead of Mr. Oien as they approached the automatic sliding doors, which opened for them. As Mr. Oien exited behind the employee, his right shoulder contacted the automatic door— allegedly tearing his rotator cuff and causing other injuries. [Compl. 1–2, ECF No. 1-1]. Mr. Oien claims that he was struck by the door because it started to close before he had passed through.

The discovery period in this matter has closed. [Sched. Order 3–4, ECF No. 16]. The record before the Court consists of the following:

- A transcript of the deposition of Mr. Oien [ECF No. 38-1]
- Mr. Oien's answers to Stanley's first set of interrogatories [ECF No. 38-2]
- A letter between counsel regarding expert disclosure deadlines [ECF No. 38-3]
- Defendants' expert disclosures [ECF Nos. 38-4–5]
- A report following an independent medical evaluation of Mr. Oien by Stanley's expert, Dr. Lawrence Donovan [ECF No. 39]
- A transcript of the deposition of Home Depot Assistant Store Manager Angela Peterson [ECF No. 44-2]
- Home Depot's designation of Dennis Brickman as an expert witness and Mr. Brickman's report [ECF No. 44-3]
- An affidavit of Mr. Oien in opposition to summary judgment [ECF No. 48]
- Mr. Oien's medical records [ECF No. 49-2]

- Mr. Oien's initial disclosures [ECF No. 49-3]
- Photographs of the Home Depot doors at issue [ECF Nos. 49-6–7]

Mr. Oien has not made any expert disclosures, and his motion to extend the deadline by which to do so was denied. [Minutes, ECF No. 34].

## II. Analysis

Defendants seek summary judgment on all of Mr. Oien's claims, arguing that the evidence does not establish a genuine issue of material fact. Mr. Oien contends that his evidence is sufficient to survive summary judgment due to the nature of his claims and factual allegations. For the reasons that follow, the Court grants the Defendants' motions.

### A. Standard and Applicable Law

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Dowden v. Cornerstone Nat'l Ins. Co.*, 11 F.4th 866, 872 (8th Cir. 2021). The moving party must demonstrate that the material facts are undisputed. *Celotex*, 477 U.S. at 322. A fact is "material" only if its resolution could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the moving party properly supports a motion for summary judgment, the party opposing the motion may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. *Id.* at 248–49; *McGowen, Hurst, Clark & Smith, P.C. v.*

3

*Com. Bank*, 11 F.4th 702, 710 (8th Cir. 2021). Courts must view the inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Irvin v. Richardson*, 20 F.4th 1199 (8th Cir. 2021).

This action is before the Court on diversity jurisdiction. The parties agree that the Court should apply Minnesota state substantive law to the claims in the complaint. *Morgantown Mach. & Hydraulics of Ohio, Inc. v. Am. Piping Prods., Inc.*, 887 F.3d 413, 415 (8th Cir. 2018) (providing that federal courts sitting in diversity apply state substantive law); *Netherlands Ins. Co. v. Main Street Ingredients, LLC*, 745 F.3d 909, 913 (8th Cir. 2014) ("Because the parties do not dispute the choice of Minnesota law, we assume, without deciding, Minnesota law applies . . . ."). Accordingly, the Court "must predict how the Supreme Court of Minnesota would rule, and . . . follow decisions of the intermediate state court when they are the best evidence of Minnesota law." *Netherlands Ins. Co.*, 745 F.3d at 913.

### B. Negligence Claim Against Home Depot

To succeed on a negligence claim, a plaintiff must show (1) that the defendant owed him a duty of care; (2) that the defendant breached that duty; (3) that said breach was the proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages as a result of the injury. *Hudson v. Snyder Body, Inc.*, 326 N.W.2d 149, 157 (Minn. 1982).

Home Depot does not contest that it was a possessor of land and therefore owed Mr. Oien, as an entrant, "a duty to exercise reasonable care in maintaining that land," "an ongoing duty to inspect and maintain their property so that unreasonably dangerous

conditions will be discovered," and a duty to remedy or warn entrants of any such conditions. *Taney v. Indep. Sch. Dist. No. 624*, 673 N.W.2d 497, 502 (Minn. Ct. App. 2004). However, Home Depot argues that the evidence does not present a genuine issue of fact as to whether Home Depot breached its duty or that such a breach was the proximate cause of Mr. Oien's injuries. The Court agrees.

Mr. Oien argues that there is sufficient evidence to survive summary judgment, and points to store manager Angela Peterson's deposition testimony. [ECF No. 44-2]. Specifically, Mr. Oien highlights: (1) that Ms. Peterson did not know and had no record of whether daily safety checks were performed on the doors on the day of the incident; (2) that the safety checks described by Ms. Peterson were inadequate and would not have revealed a problem that causes the doors to close prematurely; (3) that Home Depot employees did not test the doors daily using a safety check sheet recommended by a label on the doors; and (4) that Ms. Peterson did not know whether Home Depot employees receive training on how to test the doors.

However, these alleged breaches misconstrue the scope of Home Depot's duty of care. Its duty was not necessarily to document safety checks, to perform a particular safety check, to use the manufacturer's safety check sheet, or to provide particular safety-check training to its employees. Rather, its duty was to exercise reasonable care by reasonably inspecting the premises and remedying or warning of any dangerous conditions. *Olmanson v. LeSuer County*, 693 N.W.2d 876, 880 (Minn. 2005) ("If a reasonable inspection does not reveal a dangerous condition . . . the landowner is not liable for any physical injury caused to invited entrants by the dangerous condition.").

Mr. Oien has not brought forth any evidence suggesting that the inspection procedures used by Home Depot were unreasonable or inadequate, nor that a reasonable inspection would have given Home Depot notice of the alleged dangerous condition. *See Gorath v. Rockwell Int'l, Inc.*, 441 N.W.2d 128, 132 (Minn. Ct. App. 19889) (affirming summary judgment in part because "[a]ppellants have failed to offer any evidence that an inspection of the paper cutter would have indicated its alleged . . . condition."); *Pape v. Macks, LLC*, No. A10-1417, 2011 WL 1466433 (Minn. Ct. App. Apr. 19, 2011) (affirming summary judgment because plaintiff offered no "evidence that an inspection of the door would have revealed the alleged defect" and instead "rel[ied] on conclusory statements about the inadequacy of respondents' inspections or the possible effect of reasonable inspection."). As the record currently stands, there is no evidence that Home Depot breached its duty.

However, even if there were evidence that Home Depot's inspections fell short of reasonable, there is a more fundamental flaw to Mr. Oien's prima facie case: namely, he has put no evidence in the record, other than his own statements, to show that the doors in fact closed prematurely. There were no witnesses who saw the doors close; there is no security-camera footage of the incident; and Defendants' expert reported that, after extensive testing by the expert and others, the doors were operating normally and conformed to applicable standards both before and after the incident. [Ex. C, ECF No. 44-3 at 9]. Moreover, Mr. Oien's assertion in his affidavit that "the Doors closed prematurely" is contradicted by his prior deposition testimony that he did not see or hear the doors close or move. [Oien Aff., ECF No. 48 at ¶ 3; Ponessa Decl. Ex. 1, ECF No.

6

38-1 at 55:5–20.]. Mr. Oien's showing in response to Defendants' motions is simply insufficient to create a genuine issue of material fact. *Roberts v. Park Nicollet Health Servs.*, 528 F.3d 1123, 1126 (8th Cir. 2008) (stating that a plaintiff does not "create a genuine issue of material fact simply by submitting an affidavit that contradict[s] testimony at a prior deposition"). Accordingly, on this record, to consider whether a reasonable inspection would have revealed the dangerous condition is to put the cart before the horse, as there is no evidence that there was a dangerous condition in the first place.

**Res Ipsa Loquitur**

Mr. Oien next argues that, even if he has brought insufficient evidence to survive summary judgment on his negligence claims, they should be allowed to proceed under the doctrine of *res ipsa loquitur*.

*Res ipsa loquitur* contemplates "the minimal kind of circumstantial evidence which is legally sufficient to warrant an inference of negligence." *Olson v. St. Joseph's Hospital*, 281 N.W.2d 704, 708 (Minn. 1979). Applied in appropriate cases, the doctrine is "designed to assist a plaintiff in discharging his obligation to make out a prima facie case of negligence and to aid the jury in performing its factfinding function." *Id.* When *res ipsa loquitur* applies, it "creates a permissive inference of negligence but does not compel it. It does not shift the burden of proof. It simply gets the matter to the jury under an appropriate instruction." *Mahowald v. Minn. Gas Co.*, 344 N.W.2d 856, 864 (Minn. 1984). "The doctrine is essentially one of evidence rather than of tort law." *Peterson v. Minn. Power & Light Co.*, 291 N.W. 705, 391 (Minn. 1940).

While *res ipsa loquitur* permits an inference of negligence, a mere invocation of the doctrine is insufficient to survive summary judgment. Instead, a plaintiff must show that three conditions are present: (1) that ordinarily the injury would not occur in the absence of negligence; (2) that the cause of the injury was in the exclusive control of the defendant; and (3) that the injury was not due to plaintiff's conduct." *Hoven v. Rice Mem'l Hosp.*, 396 N.W.2d 569, 572 (Minn. 1986); *Flemming v. Hallum*, 350 N.W.2d 417, 419 (Minn. Ct. App. 1984) ("[T]he plaintiff must establish [these] three conditions before a claim may be submitted on the theory of res ipsa loquitur."). Moreover, a plaintiff must show that the doctrine applies with evidence, not mere assertions. *See Weiby v. Wente*, 264 N.W.2d 624, 629 (Minn. 1978); *Pape v. Macks, LLC*, No. A10–1417, 2011 WL 1466433, at *4 (Minn. Ct. App. Apr. 19, 2011) (affirming summary judgment because plaintiff brought no evidence, other than his own assertions, that the incident normally does not happen in the absence of negligence, that defendants had exclusive control, or that he did not voluntarily contribute to the injury).

Mr. Oien asserts that the first condition of *res ipsa loquitur* is met because automatic doors do not ordinarily close on persons passing through them absent someone's negligence. He argues that doors were under the exclusive control of both defendants because they were owned by Home Depot and serviced by Stanley, which is sufficient for *res ipsa loquitur*; and he argues that "common sense" suggests that he would not voluntarily walk into a door and cause injury. Home Depot argues that Mr. Oien's deposition testimony that he "walked into the door" by itself precludes the first and third conditions because walking into a door does ordinarily happen in the absence of

8

negligence, and because it establishes that Mr. Oien's injury was due at least in part to his own conduct.

On its face, the Court finds Home Depot's argument on this specific point unpersuasive. Mr. Oien "walk[ing] into the doors" is not necessarily inconsistent with the theory that the doors started closing before they should have. Hypothetically, a jury could find that a plaintiff was passing through automatic doors in such a way that he would not have contacted them had they remained open, and that he only did make contact because they began to close as he was passing through.

Nevertheless, while Mr. Oien's statement about walking into the door alone does not entitle Home Depot to summary judgment, the doctrine of *res ipsa loquitur* does not remedy the fundamental flaw in his negligence claims: the lack of any evidence that the automatic doors closed prematurely. Mr. Oien argues that the doors must have closed too soon because it is "common sense" that he would not voluntarily walk into a door and injure his shoulder. [Pltf.'s Mem., ECF No. 47 at 10]. But under proper circumstances, *res ipsa loquitur* permits an inference of *negligence* when an injury is caused by some event or occurrence—not an inference that such an event or occurrence happened in the first place. *Mahowald*, 344 N.W.2d at 864. It is common knowledge that people can and do occasionally collide with structures while moving on foot. Although "the mere presence or possibility of other causes [of plaintiff's injury] is not sufficient to preclude the inference of negligence on the part of defendant," that is only true "where the *evidence* reasonably excludes those causes." *Rinkel v. Lee's Plumbing & Heating Co.*, 99 N.W.2d 779, 783 (Minn. 1959) (emphasis added). "Mere assertions" that the

9

preconditions of *res ipsa loquitur* are met are insufficient to survive summary judgment. *Pape*, 2011 WL 1466433, at *4. Mr. Oien has not pointed to any evidence, aside from his assertions, that reasonably excludes the possibility that he walked his shoulder into doors that were fully open and stationary—whether he would do so purposefully or voluntarily is irrelevant. *See Hoven*, 396 N.W.2d at 572 ("When the injury could have been caused with substantially equal probability from other causes as well as any acts of the defendants, facts, other than just the fact of injury itself from which the defendant's negligence may be inferred, must exist before a res ipsa loquitur issue can be submitted to the jury."); *Pape*, 2011 WL 1466433 (applying *Hoven* in a summary-judgment context).

Mr. Oien cites several cases from various jurisdictions in which courts have found *res ipsa loquitur* to apply to claims involving injuries from automatic doors. However, in each of those cases, it was either undisputed that the injury was the factual result of some movement or operation of the door, or there was evidence to that effect. *Pritchard v. Stanley Access Techs., LLC*, No. 08-11762-DPW, 2011 WL 309662, at *4 (D. Mass. Jan. 27, 2011) (providing as an undisputed fact that the automatic door closed prematurely and struck the plaintiff from the side); *Stone v. Courtyard Mgmt. Corp.*, 353 F.3d 155, 158 (2d Cir. 2003) (addressing whether door malfunction could be attributed to defendants, not whether doors in fact malfunctioned at all or closed on plaintiff); *Balistreri v. Richard E. Jacobs Grp.*, 322 F. Supp. 2d 972, (E.D. Wis. 2004) (husband testified that he saw his wife "standing in the space between the inner doors being hit repeatedly" and fall to the ground); *Brewster v. United States*, 542 N.W.2d 524, 527 (Iowa 1996) (noting the finding that "[t]he automatic doors closed on her and pinned her

between them"); *Brown v. Scrivner, Inc.*, 488 N.W.2d 17, 18 (Neb. 1992) (noting that the evidence reflects that the automatic door "slammed shut, striking [plaintiff's] left shoulder and elbow"); *Landmark Hotel & Casino, Inc. v. Moore*, 757 P.2d 361, 362 (Nev. 1988) (addressing other legal issues after jury returned verdict for plaintiff ). Mr. Oien has provided no comparable evidence here, relying solely on his assertion in his affidavit.

In sum, because Mr. Oien can point to no evidence, other than his own allegation, to support his assertion that the doors closed prematurely—the fact from which Defendants' negligence might otherwise be inferred—*res ipsa loquitur* cannot apply to reduce his burden on his negligence claims.

### C. Strict Liability Claim Against Stanley

Mr. Oien brings three claims against Stanley—negligence, strict product liability, and breach-of-warranty—and argues that the doctrine of *res ipsa loquitur* precludes summary judgment as to these claims as well.

Mr. Oien's claims against Stanley fare no better than the claim against Home Depot. First, the Court notes that under Minnesota law, these three claims are functionally merged into one. "Strict liability has effectively preempted implied warranty claims where personal injury is involved." *Nimeth v. Prest Equip. Co.*, No. C1-93-685, 1993 WL 328767, at *1 (Minn. Ct. App. Aug. 31, 1993); *In re Shigellosis Litigation*, 647 N.W.2d 1, 11 (Minn. Ct. App. 2002) (collecting Minnesota cases supporting the proposition that "strict liability, negligence, and implied warranty merge into a single product-liability theory."); *Delfino v. Medtronic, Inc.*, A19-1462, 2019 WL 2415049, at

11

\*11 n.9 (Minn. Ct. App. Jun. 10, 2019) (holding that breach of warranty and negligence claims are derivative of a claim of strict products liability). Accordingly, the Court will treat these claims as a single strict-liability claim.

> In order to recover under the theory of strict liability, the plaintiff must establish (1) that the defendant's product was in a defective condition unreasonably dangerous for its intended use, (2) that the defect existed when the product left the defendant's control, and (3) that the defect was the proximate cause of the injury sustained.

*Bilotta v. Kelley*, 346 N.W.2d 616, 623 n.3 (Minn. 1984).

Stanley makes the same arguments as Home Depot regarding the lack of evidence that the doors closed prematurely. Stanley argues further that it did not owe Mr. Oien a duty of reasonable care and that *res ipsa loquitur* also cannot apply because Stanley did not have exclusive control of the doors. However, because Mr. Oien is unable to demonstrate a genuine fact dispute as to any of the elements of his claims, let alone all of them, the Court need not address these additional arguments.

Mr. Oien has identified no evidence, expert or otherwise, which shows that the doors were defective and unreasonably dangerous, that such a defect existed when it left Stanley's control, or that a defect was the cause of Mr. Oien's injury. Indeed, the only evidence in the record relating to the elements of a strict liability claim is the report of Defendants' expert, which reported no defects. Moreover, the independent medical evaluation of Mr. Oien by Dr. Lawrence Donovan raised meaningful doubts as to the cause of Mr. Oien's injury. [ECF No. 39 at 34 (opining that an MRI scan obtained after the incident "revealed long standing rotator cuff disease and no evidence of an acute injury," and that such was consistent with Mr. Oien's medical records and other

evidence)]. Mr. Oien's argument that a lay jury could understand the operation of an automatic door and conclude that the doors here were defective is premised on his allegation that the doors *did close* on him. As discussed above, Mr. Oien's allegations alone are insufficient evidence supporting this premise to survive summary judgment. *Anderson*, 477 U.S. at 248–49 ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." (quotation omitted)). In sum, Mr. Oien fails to point to any evidence that would establish the elements of a strict liability claim against Stanley.

## III.   ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED:**

1. That Defendants' Motions to Dismiss [ECF Nos. 35, 42] are **GRANTED**; and
2. That this matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 25, 2022                              *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States District Judge